UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROMERO THOMAS,

    Plaintiff,

                                                       CASE NO. 16-10933
v.                                              HONORABLE NANCY G. EDMUNDS

KIMBERLY F. MILES, PAUL PESMARK,
and TERRY CROSS-NELSON,

    Defendants.
_____/

**ORDER VACATING THE ORDER OF REFERENCE
TO THE MAGISTRATE JUDGE (ECF No. 7),
GRANTING THE APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES AND COSTS (ECF No. 8),
GRANTING THE MOTION TO AMEND (ECF No. 9),
AND SUMMARILY DISMISSING THE COMPLAINT (ECF No. 1)**

### I. Introduction

Plaintiff Romero Thomas, a state prisoner at the Carson City Correctional Facility in Carson City, Michigan, recently filed a *pro se* civil rights complaint under 42 U.S.C. §§ 1983 and 1988. The defendants are: Kimberly F. Miles, a prosecuting attorney for Wayne County, Michigan; Sergeant Paul Pesmark of the Detroit Police Department; and Detective Terry Cross-Nelson of the Detroit Police Department. Plaintiff sues the defendants in their personal and official capacities for declaratory, monetary, and equitable relief.

The complaint challenges Plaintiff's Wayne County convictions for two counts of armed robbery and one count of felony firearm. The trial court sentenced Plaintiff on

April 14, 2014, to two years in prison for the felony firearm conviction and fourteen to thirty-five years in prison for the armed robbery convictions.[1]

Plaintiff claims in his pending civil rights complaint that: (1) defendant Kimberly F. Miles deprived him of due process by failing to give him notice of the precise date of the offense; (2) defendant Miles and others deprived him of due process by using a suggestive photographic show-up; (3) defendant Paul Pesmark deprived Plaintiff of due process by tampering with evidence and suppressing, or failing to preserve, potentially useful evidence to establish a date for the offense; (4) defendant Pesmark was grossly negligent in his care and preservation of the digital surveillance video; (5) defendant Terry Cross-Nelson deprived Plaintiff of due process by (a) failing to have a witness sign the photographic line-up, (b) placing an "X" above Plaintiff's photo in the photo array, and (c) telling the witness to circle Plaintiff's photo; and (6) defendant Cross-Nelson was grossly negligent in failing to have a witness sign her name to the photo array.

## II. Preliminary Matters

### A. The Order of Reference to the Magistrate Judge

On March 31, 2016, the Court referred this case to the Magistrate Judge. Upon further review of the case, the Court has determined that Plaintiff's complaint fails to

---

[1] The jury acquitted Plaintiff of assault with a dangerous weapon. In a prior civil rights complaint assigned to this Court, Plaintiff sued prosecuting attorney Kimberly F. Miles, Sergeant Paul Pesmark, and others on the basis that they violated Plaintiff's federal due process rights by falsely accusing him of assault with a dangerous weapon. The Court summarily dismissed Plaintiff's federal due process claims for failure to state a claim on which relief may be granted. The Court declined to exercise supplemental jurisdiction over Thomas's state-law claims and dismissed those claims without prejudice. *See Thomas v. Miles, et al.*, No. 14-13107 (E.D. Mich. Apr. 24, 2015).

2

state a plausible claim for relief and must be summarily dismissed. Accordingly, the Court vacates the order of reference to the Magistrate Judge (ECF No. 7).

**B. The Application to Proceed Without Prepayment of the Filing Fee**

Prisoners are required to pay the full filing fee for their civil action actions. 28 U.S.C. § 1915(b)(1). If they are unable to prepay the filing fee, they may pay on an installment basis. *See* 28 U.S.C. §§ 1915(b)(1) and 1915(b)(2).

Plaintiff has asked for permission to proceed without prepayment of the filing fee. His application (ECF No. 8) is granted. The Court nevertheless must assess and, if funds exist, collect an initial partial filing fee consisting of twenty percent of the greater of (1) the average monthly deposits to Plaintiff's trust fund account at the prison or (2) the average monthly balance in Plaintiff's account for the preceding six months. 28 U.S.C. § 1915(b)(1). After Plaintiff pays the initial partial filing fee, he must make monthly payments of twenty percent of the preceding month's income credited to his account at the prison. 28 U.S.C. § 1915(b)(2).

The initial partial filing fee in this case is $17.00. The Court orders the Michigan Department of Corrections to: (1) withdraw or set aside the initial partial filing fee from Plaintiff's prison trust fund account; (2) forward this amount to the Clerk of this Court within thirty days of the date of this order; and (3) in subsequent months, or from time to time, forward to the Clerk twenty percent of the preceding month's income credited to Plaintiff's account until Plaintiff has paid the entire filing fee of $350.00. The Court will notify the Department of Corrections when Plaintiff has paid the entire filing fee.

**C. The Motion to Amend**

In a motion to amend his complaint, Plaintiff has asked for permission to modify certain paragraphs in his statement of facts and in his prayer for relief. Because the complaint has not been served on the defendants, the Court grants Plaintiff's motion to amend the complaint (ECF No. 9). The Court will proceed to address Plaintiff's claims, using the following standard.

### III. Legal Framework

The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To prevail on a claim under § 1983, a prisoner must prove "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' "

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### IV.  ANALYSIS

Plaintiff's complaint lacks an arguable basis in law because he is challenging his state convictions in a civil rights action. The sole federal remedy for a state prisoner's challenge to the fact or duration of physical imprisonment is a petition for the writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). And, as explained by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994),

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under 1983.

*Id*. at 486-87 (footnote omitted)(emphasis in original). *Heck* and progeny,

> taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff has not alleged that his convictions were invalidated by state officials or called into question by a federal court's issuance of the writ of habeas corpus, and success in this action would necessarily demonstrate the invalidity of his convictions.

5

As such, Plaintiff's claims are not cognizable in this § 1983 action. *Heck*, 512 U.S. at 487.

The claims against assistant prosecutor Kimberly F. Miles are frivolous and fail to state a claim for an additional reason: prosecutors enjoy absolute immunity from liability under § 1983 for conduct " 'intimately associated with the judicial phase of the criminal process.' " *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (stating that functions which "serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits"). This immunity from liability under § 1983 extends to a prosecutor's "conduct in 'initiating a prosecution and in presenting the State's case.' " *Burns*, 500 U.S. at 486 (quoting *Imbler*, 424 U.S. at 431). As the prosecuting attorney in Plaintiff's criminal case, defendant Miles' conduct was intimately associated with the judicial phase of the criminal process. Therefore, she enjoys absolute immunity from suit.

## V. Conclusion

Plaintiff's complaint is frivolous and fails to state a plausible claim for which relief may be granted. The Court therefore summarily dismisses the complaint (ECF No. 1, as amended) under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal is without prejudice to Plaintiff's right to renew his claims if his conviction or sentence is reversed or invalidated by state officials or called into question by a federal court's issuance of a writ of habeas corpus. The Court certifies that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**SO ORDERED**.

Dated: May 16, 2016

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

CERTIFICATION

I hereby certify that a copy of this order was served upon parties/counsel of Record on this 16th day of May, 2016 by regular U.S. Mail and/or CM/ECF.

s/ Carol J Bethel
Case Manager

7